# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **NOREEN KHAN A.K.A.**<br>**MAYBERRY NOREEN KHAN,** | **Case No.:** |
| **PLAINTIFF,** | **COMPLAINT** |
| vs. | |
| **TRANS UNION, LLC,**<br>**EXPERIAN INFORMATION SOLUTIONS,**<br>**INC.,**<br>**AMERICAN EXPRESS,**<br>**BEST EGG, LLC,**<br>**CITIBANK, N.A.,**<br>**GOLDMAN SACHS BANK USA,**<br>**JP MORGAN CHASE BANK, N.A.,**<br>**LENDINGCLUB CORPORATION,**<br>**SOFI LENDING CORPORATION,**<br>**BANK OF AMERICA, N.A.,**<br>**PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br>**AND**<br>**CREDIT PLUS, INC.** | **JURY TRIAL DEMAND** |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFF, NOREEN KHAN A.K.A. MAYBERRY NOREEN KHAN, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Southern District of Texas, Houston Division, as the Defendants conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in City of Missouri, Fort Bend County, Texas.

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), is a foreign limited liability company that conducts business in the State of Texas;

   b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Texas;

   c. American Express ("AMEX") is a foreign corporation that conducts business in Texas;

   d. Best Egg, LLC ("Best Egg") is a foreign limited liability company that conducts business in the State of Texas;

   e. Citibank, N.A. ("Citibank") is a state chartered bank that conducts business in the State of Texas;

    f.  Goldman Sachs Bank U.S.A. ("Goldman Sachs") is a state chartered bank that conducts business in the State of Texas;

    g.  JP Morgan Chase Bank, N.A.  ("JPMCB") is a national association bank that conducts business in the State of Texas;

    h.  LendingClub Corporation ("LendingClub") is a foreign corporation that conducts business in the State of Texas;

    i.  Sofi Lending Corporation ("Sofi") is a foreign corporation that conducts business in the State of Texas;

    j.  Bank of America, N.A. ("BoA") is a national association bank that conducts business in the State of Texas;

    k.  Portfolio Recovery Associates, LLC ("PRA") is a foreign limited liability company that conducts business in the State of Texas; and

    l.  Credit Plus Inc. ("Credit Plus") is a foreign corporation that conducts business in the State of Texas.

## **GENERAL ALLEGATIONS**

6. Best Egg, Citibank, Goldman Sachs, JPMCB, LendingClub, and Sofi (the "Furnishers") are reporting the following fraudulent tradelines ("False Tradelines") on Plaintiff's Experian credit disclosure:

    a.  Best Egg opened July 2017;

    b.  Citibank opened February 2013;

    c. Goldman Sachs opened July 2017:

    d. JPMCB opened January 2013, April 2013, October 2017, and February 2013;

    e. LendingClub opened April 2015 and September 2016; and

    f. Sofi opened July 2017.

7. JPMCB, BoA, AMEX, PRA, and Citibank (the "Furnishers") are reporting the following fraudulent tradelines ("False Tradelines") on Plaintiff's Trans Union credit disclosure:

    a. JPMCB opened January 2913, April 2013, October 2017, and February 2013;
    b. BoA opened February 2013;

    c. AMEX opened April 2015 and March 2017;

    d. PRA opened January 2020: and

    e. Citibank opened February 2013.

8. Credit Plus is reporting a fraudulent inquiry ("Fals Inquiry") dated August 19, 2019, on Plaintiff's Trans Union credit disclosure.

9. Experian is also reporting a false address ("False Address") of 10007 Autumn Lake Trl, Pearland, TX 77584-3056 on Plaintiff's credit disclosure.

10. The False Tradelines, False Inquiry, and False Address should not be reporting on Plaintiff's credit disclosures as Plaintiff is a victim of ID theft.

11. On March 2, 2021, Plaintiff filed a police report with the Fort Bend County Sheriff regarding the ID theft.

12. On February 9, 2021, Plaintiff obtained her Trans Union credit disclosure and noticed the False Tradelines and False Inquiry.

13. On February 20, 2021, Plaintiff obtained her Experian credit disclosure and notice the False Tradelines and False Address.

14. On June 18, 2021, Plaintiff, through her attorney of record, Credit Repair Lawyers of America, submitted a letter to Experian and Trans Union disputing the False Tradelines, False Inquiry, and False Address.

15. In her dispute letters, Plaintiff explained the accounts reflected by the False Tradelines are fraudulent and the False Inquiry is unauthorized and that the False Addresses do not belong to her as she is a victim of identity theft.  She attached a copy of the police report confirming same.  She asked Experian and Trans Union to delete the False Tradelines and remove the False Inquiry and False Addresses from her credit reports.

16. Experian and Trans Union forwarded Plaintiff's consumer disputes to the Furnishers.

17. The Furnishers received Plaintiff's consumer disputes from Experian and Trans Union.

18. On August 2, 2021, Plaintiff obtained her credit disclosures Trans Union which showed that Trans Union and the Furnishers failed or refused to remove the False Tradelines and False Inquiry.

19. On August 16, 2021, Plaintiff obtained her credit disclosure Experian which showed that Experian and the Furnishers failed or refused to remove the False Tradelines, False Inquiry and False Address.

20. The False Tradelines are false and misleading.  They are also driving the Plaintiff's credit score down making it harder for her to obtain credit, to obtain jobs, housing, and meet living expenses.

21. The False Inquiry causes credit damage to the Plaintiff's standing and credit score.  Every time a furnisher obtains a consumer's credit report for the purpose of deciding whether to grant credit to the consumer, the consumer's credit score is diminished, thereby reducing the likelihood that Plaintiff can obtain credit or obtain credit at a reasonable interest rate.  In this case, Credit Plus has caused credit damage to the Plaintiff by failing and/or refusing to remove their inquiry as it was the product of identity theft.

22. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"), Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, humiliation, embarrassment, and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BEST EGG, LLC

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by the Experian of Plaintiff's consumer dispute of the False Tradelines, Best Egg negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

25. Best Egg negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to delete its tradeline.

26. The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Experian to which it is reporting such tradeline.

27. As a direct and proximate cause of Best Egg's negligent failure to perform its duties under the FCRA, to correct the False Tradelines, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Best Egg is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Plaintiff has a private right of action to assert claims against Best Egg arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Best Egg for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BEST EGG, LLC

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Best Egg willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to update the balance to delete its tradeline.

32. Best Egg willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of Best Egg's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Best Egg is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS this court grants her a judgment against the Defendant Best Egg for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK, N.A.

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by the Experian and Trans Union of Plaintiff's consumer dispute of the False Tradelines, Citibank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

37. Citibank negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian and Trans Union to delete the tradelines.

38. The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Experian and Trans Union to which it is reporting such tradeline.

39. As a direct and proximate cause of Citibank's negligent failure to perform its duties under the FCRA, to correct the False Tradelines, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Citibank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

41. Plaintiff has a private right of action to assert claims against Citibank arising under 15 USC 1681s-2(b).

  **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Citibank for damages, costs, interest, and attorneys' fees.

## <u>COUNT IV</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK N.A.

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. After being informed by Experian and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Citibank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian and Trans Union to delete the tradelines.

44. Citibank willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

45. As a direct and proximate cause of Citibank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. Citibank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

   **WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against the Defendant Citibank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GOLDMAN SACHS BANK USA

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by the Experian of Plaintiff's consumer dispute of the False Tradelines, Goldman Sachs negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

49. Goldman Sachs negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to delete the tradelines.

50. The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Experian to which it is reporting such tradeline.

51. As a direct and proximate cause of Goldman Sachs' negligent failure to perform its duties under the FCRA, to correct the False Tradelines, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

52. Goldman Sachs is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

53. Plaintiff has a private right of action to assert claims against Goldman Sachs arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Goldman Sachs for damages, costs, interest, and attorneys' fees.

## **COUNT VI**

### **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GOLDMAN SACHS BANK USA**

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Goldman Sachs willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to update the balance to delete the tradelines.

56. Goldman Sachs willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

57. As a direct and proximate cause of Goldman Sachs' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

58. Goldman Sachs is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against the Defendant Goldman Sachs for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY JP MORGAN CHASE BANK, N.A.

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. After being informed by the Experian and Trans Union of Plaintiff's consumer dispute of the False Tradelines, JPMCB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

61. JPMCB negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian and Trans Union to delete the tradelines.

62. The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Experian and Trans Union to which it is reporting such tradelines.

63. As a direct and proximate cause of JPMCB's negligent failure to perform its duties under the FCRA, to correct the False Tradelines, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

64. JPMCB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

65. Plaintiff has a private right of action to assert claims against JPMCB arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant JPMCB for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY JP MORGAN CHASE BANK, N.A.

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. After being informed by Experian and Trans Union that Plaintiff disputed the accuracy of the information it was providing, JPMCB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian and Trans Union to delete the tradelines.

68. JPMCB willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

69. As a direct and proximate cause of JPMCB's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

70. JPMCB is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against the Defendant JPMCB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT IX</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LENDINGCLUB CORPORATION

71. Plaintiff realleges the above paragraphs as if recited verbatim.

72. After being informed by the Experian of Plaintiff's consumer dispute of the False Tradelines, LendingClub negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

73. LendingClub negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to delete the tradelines.

74. The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Experian to which it is reporting such tradeline.

75. As a direct and proximate cause of LendingClub's negligent failure to perform its duties under the FCRA, to correct the False Tradeline, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

76. LendingClub is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

77. Plaintiff has a private right of action to assert claims against LendignClub arising under 15 USC 1681s-2(b).

   **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant LendignClub for damages, costs, interest, and attorneys' fees.

## COUNT X

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY LENDINGCLUB CORPORATION**

78. Plaintiff realleges the above paragraphs as if recited verbatim.

79. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, LendingClub willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to update the balance to remove the fraudulent charges.

80. LendingClub willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

81. As a direct and proximate cause of LendingClub willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

82. LendingClub is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against the Defendant LendingClub for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SOFI LENDING CORPORATION

83. Plaintiff realleges the above paragraphs as if recited verbatim.

84. After being informed by the Experian of Plaintiff's consumer dispute of the False Tradeline, Sofi negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

85. Sofi negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to delete the tradelines.

86. The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Experian to which it is reporting such tradeline.

87. As a direct and proximate cause of Sofi's negligent failure to perform its duties under the FCRA, to correct the False Tradelines, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

88. Sofi is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

89. Plaintiff has a private right of action to assert claims against Sofi arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Sofi for damages, costs, interest, and attorneys' fees.

## <u>COUNT XII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SOFI LENDING CORPORATION

90. Plaintiff realleges the above paragraphs as if recited verbatim.

91. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Sofi willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to delete the tradelines.

92. Sofi willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

93. As a direct and proximate cause of Sofi's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

94. Sofi is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against the Defendant Sofi for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

**COUNT XIII**

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY BANK OF AMERICA, N.A.

95. Plaintiff realleges the above paragraphs as if recited verbatim.

96. After being informed by the Trans Union of Plaintiff's consumer dispute of the False Tradelines, BoA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

97. BoA negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to delete the tradelines.

98. The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Trans Union to which it is reporting such tradeline.

99. As a direct and proximate cause of BoA's negligent failure to perform its duties under the FCRA, to correct the False Tradelines, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

100. BoA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

101. Plaintiff has a private right of action to assert claims against BoA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant BoA for damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA, N.A.

102.     Plaintiff realleges the above paragraphs as if recited verbatim.

103.     After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, BoA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to delete the tardelines.

104.     BoA willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

105.     As a direct and proximate cause of BoA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

106.     BoA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS this court grants her a judgment against the Defendant BoA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY ASSOCIATES LLC

107.    Plaintiff realleges the above paragraphs as if recited verbatim.

108.    After being informed by the Trans Union of Plaintiff's consumer dispute of the False Tradelines, PRA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

109.    PRA negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to delete the tradelines.

110.    The False Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Trans Union to which it is reporting such tradeline.

111.     As a direct and proximate cause of PRA's negligent failure to perform its duties under the FCRA, to correct the False Tradelines, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

112.     PRA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

113.     Plaintiff has a private right of action to assert claims against PRA arising under 15 USC 1681s-2(b).

         **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PRA for damages, costs, interest, and attorneys' fees.

## <u>COUNT XVI</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY ASSOCIATES, LLC

114.     Plaintiff realleges the above paragraphs as if recited verbatim.

115.     After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, PRA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to delete the tradelines.

116.     PRA willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

117.     As a direct and proximate cause of PRA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

118.     PRA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against the Defendant PRA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XVII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT PLUS INC.

119.     Plaintiff realleges the above paragraphs as if recited verbatim.

120.    After being informed by the Trans Union of Plaintiff's consumer dispute of the False Inquiry, Credit Plus negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

121.    Credit Plus negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to remove the False Inquiry.

122.    The False Inquiry is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the Trans Union to which it is reporting such tradeline.

123.    As a direct and proximate cause of Credit Plus' negligent failure to perform its duties under the FCRA, to correct the False Inquiry, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

124.    Credit Plus is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

125.    Plaintiff has a private right of action to assert claims against Credit Plus arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Credit Plus for damages, costs, interest, and attorneys' fees.

## COUNT XVIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT PLUS INC.

126.    Plaintiff realleges the above paragraphs as if recited verbatim.

127.    After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Credit Plus willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to remove the False Inquiry.

128.    Credit Plus willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

129.    As a direct and proximate cause of Credit Plus' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

130.    Credit Plus is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for

reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against the Defendant Credit Plus for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XIX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

131.    Plaintiff realleges the above paragraphs as if recited verbatim.

132.    Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

133.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

134.    Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

135.    After receiving Plaintiff's consumer dispute to the False Tradelines and False Inquiry, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

136.     As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

137.     Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against Defendant Trans Union for damages, costs, interest, and attorneys' fees.

## COUNT XX

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

138.     Plaintiff realleges the above paragraphs as if recited verbatim.

139.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as term is defined in 15 USC 1681a.

140.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

141.     Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it

reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

142.     After receiving Plaintiff's consumer dispute to the False Tradelines and False Inquiry, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

143.     As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

144.     Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>COUNT XXI</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

145.     Plaintiff realleges the above paragraphs as if recited verbatim.

146.     Defendant Experian prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

147.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

148.     Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

149.      After receiving Plaintiff's consumer dispute to the False Tradelines and False Addresses, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

150.     As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

151.     Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, **PLAINTIFF PRAYS** this court grants her a judgment against Defendant Experian for damages, costs, interest, and attorneys' fees.

## COUNT XXII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

152.    Plaintiff realleges the above paragraphs as if recited verbatim.

153.    Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as the term is defined in 15 USC 1681a.

154.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

155.    Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

156.    After receiving Plaintiff's consumer dispute to the False Tradelines and False Addresses, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

157.     As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

158.     Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>COUNT XXIII</u>

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY PORTFOLIO RECOVERY ASSOCIATES LLC**

159.     Plaintiff reincorporates the preceding allegations by reference.

160.     At all relevant times, Defendant PRA, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

161.     Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

162.     Defendant PRA is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant is a "debt collector"

under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

163.   Plaintiff has suffered harm and damage at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

164.   Defendant's PRA's failure to delete its False Tradelines on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes their validity.

165.   To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

166.   Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant PRA for actual damages, costs, interest, and attorneys' fees.

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by Jury.


DATED: September 3, 2021

<div style="margin-left: 40%;">

By:*/s/ Michael B. Halla*
   Michael B. Halla, Esq.
   Attorney at Law
   Texas State Bar No. 00793128
   187 Rolling Court,
   Lancaster, Texas 75146
   Telephone: (469) 518.0872
   Facsimile:  (214) 540.9333
   email: mhalla@hallalawfirm.com
  *Attorneys for Plaintiff,*
  *Noreen Khan a.k.a.*
 *Mayberry Noreen Khan*

</div>